UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS WORKMAN,

    Plaintiff,

v.                                         Case No: 8:22-cv-136-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Commissioner of Social Security (Commissioner) moves, pursuant to sentence four of 42 U.S.C. § 405(g), that this action be reversed and remanded to the Commissioner for the following reasons:

> Upon remand, the Commissioner will give consideration to the borderline age situation, take any other administration action deemed necessary, and issue a new decision.

(Motion, Dkt. 17). Plaintiff does not object to the requested relief.

Pursuant to sentence four of 42 U.S.C. § 405(g), the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the plaintiff's case is terminated. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996);

*Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits"). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson*, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision.

Accordingly, it is **RECOMMENDED**:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 17) be **GRANTED**.

2. The Commissioner's decision denying Plaintiff's application for disability insurance benefits and supplemental security income benefits be **REVERSED**.

3. The case be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons stated in the Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 17) and herein.

4. The Clerk of the Court be directed to enter judgment in Plaintiff's favor, terminate all other pending motions, and close this case.

**IT IS SO REPORTED** in Tampa, Florida, on August 19, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record