UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS WORKMAN,

    Plaintiff,

v.                                                                  Case No: 8:22-cv-136-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves the court to award him attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Motion, Dkt. 21.) The Commissioner does not oppose the Motion. (*Id.* at 7.) For the reasons that follow, the undersigned recommends that the Motion be granted.

## BACKGROUND

On January 18, 2022, Plaintiff filed a Complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On August 24, 2022, the court entered an order reversing the decision of the Commissioner and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 19.) The Clerk of Court entered judgment in Plaintiff's favor on August 25, 2022. (Dkt. 20.) Plaintiff filed the instant

Motion on November 10, 2022, as the prevailing party in this action. (Dkt. 21.) In the Motion, Plaintiff seeks attorney's fees for the work performed by his attorney. (*Id.*)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorney's fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorney's fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party who obtains a fourth sentence remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the

government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the undersigned recommends that Plaintiff is entitled to an award of attorney's fees. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, the Commissioner does not dispute the timeliness of Plaintiff's Motion. (Dkt. 21.) Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the undersigned does not find that any special circumstances exist to indicate that an award of attorney's fees in this case would be unjust.

Plaintiff requests that the hourly rate of the fees awarded reflect an increase in the cost of living. (Dkt. 21 at 4–7.) Under the EAJA, the amount of attorney's fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees shall not exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff proposes an hourly rate for Attorney Juliette Sturla of $221.34 for work performed in 2021 and $231.49 for work performed in 2022. (Dkt. 21 at 6.) The Commissioner does not oppose Plaintiff's requested rates. (*Id.* at 7.)

The undersigned finds that the requested rates are in line with the prevailing market rates in the legal community for similar services provided by attorneys of comparable skill, experience, and reputation. *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1998). Additionally, upon consideration of the Bureau of Labor Statistics Consumer Price Index (CPI), the undersigned finds that cost of living adjustments justify rates above the $125 per hour statutory rate. *See Donnelly v. Saul*, No. 8:20-cv-614-CPT, 2021 WL 1737448, at *3 (M.D. Fla. May 3, 2021) (relying on CPI to find that a deviation from EAJA statutory rate is justified). Accordingly, the undersigned recommends that Plaintiff is entitled to the requested rates under EAJA. *See Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (explaining two-step analysis for court to award EAJA fees in excess of statutory rate).

In total, Plaintiff seeks $5,701.61 in fees for 24.93 hours of Attorney Sturla's work on this case. (Dkt. 21 at 7, 11.) The Commissioner does not oppose the requested fees. (*Id.* at 7.) The undersigned therefore recommends that the hours expended were reasonable and that $5,701.61 is a reasonable fee for Attorney Sturla's work on this case.

Finally, Plaintiff requests that the fee award be paid directly to his attorney if Plaintiff does not owe a federal debt to the government. (Dkt. 21 at 7.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case,

Plaintiff has assigned the EAJA award to his attorney. (Dkt. 21 at 9.) Therefore, the undersigned recommends that the award be payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, that the award be payable directly to Plaintiff.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Unopposed Motion for Fees Pursuant to the Equal Access to Justice Act (Dkt. 21) be **GRANTED**.

2. Plaintiff be awarded attorney's fees in the amount of $5,701.61 under the EAJA.

3. The attorney's fees be payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the federal government.

**IT IS SO REPORTED** in Tampa, Florida, on November 15, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record